Memorandum of Decision
This is an action for the termination of parental rights of Stacey W. and Eddie F., the biological parents of the minor children Melvin, born July 17, 1993, and Kevin, born December 10, 1995; and the parental rights of Stacey W. and Clarence J., the biological parents of Kamiya a/k/a (various names), who was born on December 18, 1996. These children have previously been found to be neglected children on various dates: Melvin and Kevin, first on September 14, 1995, and again on September 17, 1996. Kamiya was adjudicated neglected on March 17, 1997. The boys have been in foster care since April 26, 1996 and Kamiya has been in foster care since December 26, 1996, two weeks after her birth.
The named father of Kamiya, Clarence J., was brought to court from a correctional facility. He has recently asked for genetic testing and was permitted to file a pro forma denial of the allegations of the petition. His case has been continued. The court found that the father of Melvin and Kevin, had actual notice of the pendency of this action, was represented by an attorney and made default of appearance for trial. Since he failed to appear at his lawyers office for consultation and failed to appear for trial, his lawyer was excused from CT Page 12918 participating in the trial. The petition was filed by the Commissioner of the Department of Children and Families ("DCF").
The court finds that there is no proceeding pending in any other court affecting the custody of the children. The court heard from a DCF social worker and a social worker from the Department of Mental Retardation ("DMR"). The court received into evidence social studies, court approved expectations signed by the parents, arrest and conviction records, a psychological evaluation and a letter from the main service provider for the mother.
The court makes the following findings by clear and convincing evidence. The sociological history of the parents was presented in the form of testimony of the social worker and the social study. (Exhibit #4). This social history was not challenged by the parents.
The case came to the attention of DCF for the second time on or about April 26, 1996, when Stacey presented at a city agency with her children. The children were described as being filthy and unkept, they had not eaten at all on that day, and mother stated she had no food or money. The mother acknowledged a history of abuse by Eddie F., who continued to have access to the children. DCF was aware of Stacey's intellectual and parenting limitations.
The children's mother identifies Clarence as the father of Kamiya. She told the social worker that he has never taken an interest in the child. He denies the paternity and he has never contacted the court or DCF to inquire about the child or to seek visitation.
At the time the children were first committed, each appearing parent signed a document calling for them to perform certain "Expectations" in order for them to "improve your chances of regaining . . . guardianship of your child permanently."(Exhibit # 6). Neither parent satisfactorily complied with the court approved expectations. The social workers offered appropriate, available and accessible services for dealing with the mother's mental and intellectual limitations, including a parent aide program, counseling, and for parental skills training. The DCF social worker was able to get one service provider to extend a twelve week program into an eight month program for Stacey, in the hope that she would benefit from slow repetitive parent skill CT Page 12919 training. She did not. More than two years have elapsed since the children were placed in foster care and none of the parents has made substantial gains in personal or parental rehabilitation.
 Adjudication
With respect to the statutory grounds for termination of parental rights of the mother, Stacey W., and the father, Eddie F., the court finds by clear and convincing evidence that these children have previously been adjudicated neglected and the parents have failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time considering the age and needs of the children, such parents could assume a responsible position in the lives of the children. General Statutes 17a-112 (c)(3)(B). The court also finds that the children Melvin and Kevin have been abandoned by their father Eddie F., in the sense that he has failed to maintain a reasonable degree of interest concern or responsibility as to the welfare of his children. G.S. 17a-112
(c)(3)(A). The court finds that these grounds have existed for more than one year.
 Mandatory Findings:
The court makes the following factual findings required by17a-112 (e):
1) Appropriate and timely services were provided by the Department of Children and Families and the Department of Mental Retardation, including parent training and individual counseling, transportation assistance, and visitation coordination.
2) The court finds by clear and convincing evidence that the Department of Children and Families made reasonable efforts to reunify the family, given the situation and circumstances, as far as possible. The court finds in this proceeding that the father was unable, due to his lack of personal initiative to have visitation or to benefit from reunification efforts. Mother's inability or unwillingness to resolve her multitude of personal mental health problems and to adjust her conduct to acceptable parental standards, has prevented successful reunification efforts.
3) The Department, with the approval of the Court, set reasonable and realistic expectations in order to reunify the family. There CT Page 12920 was good attendance by the mother but there was no measurable progress toward the goal of personal and parental rehabilitation.
4) The children have strong emotional ties with their foster families who have provided the physical, emotional and educational support these children need. The children have no positive emotional ties to the biological parents.
5) Finding regarding the age of the children. Melvin is five old. Kevin is almost three. Kamiya is almost two years of age. They have been in foster care for much of their lives. They deserve a permanent, structured, stable, caring, nurturing environment that the foster parents are willing to permanently provide. None of the parents is able or has offered the children a secure home at this time.
6) Finding regarding efforts of the parents to adjust their circumstances, conduct or conditions etc. The mother has regularly attended her parent training but was unable to internalize and benefit by the training. The Father made no effort to rehabilitate himself. Mothers circumstances and condition are likely to be lifetime impairments to parenthood. Regrettably she was unable to maintain visitation and has lost any connection she had with the children. Giving them additional time would not likely bring their performance, as parents, within acceptable standards sufficient to make it in the best interests of the child to be reunited. In re Luis C. 210 Conn. 157 (1989);In re Juvenile Appeal 183 Conn. 11, 15 (1981).
7) Finding regarding the prevention of the parents from having a meaningful relationship, etc. The Department initially attempted to encourage contact and promoted visitation between the mother and her children. She was unable to sustain the regular visitation schedule. No unreasonable conduct is noted. The mother was offered regular visitation with the children but did not exploit her visitation opportunities.
 DISPOSITION
The court finds that these grounds and circumstances have existed over an extended period of time which is greater than one year. The court finds, based upon the testimony and evidence presented, that it would be in the children's best interest to terminate the parental rights of Stacey and Eddie F. at this time. This finding is made after considering the children's sense CT Page 12921 of time, their need for a secure and permanent environment, the relationship that the children have with their foster parents, and the totality of circumstances that the termination of parental rights is in the children's best interest. In reJuvenile Appeal (Anonymous), supra, 177 Conn. at 667-68. See generally, J. Goldstein, A. Freud A. Solnit, Beyond the BestInterests of the Child 99 (1979).
 Order
It is accordingly ORDERED that the parental rights of Stacey W. as to the three children; and Eddie F., as to the children Melvin and Kevin, are hereby terminated. The Commissioner of the Department of Children and Families is hereby appointed the statutory parent for the three children, subject to the final adjudication of the paternal rights of Kamiya's father.
A permanency plan shall be submitted within 90 days. A review Plan for Terminated Child shall be filed in accordance with Federal Law.
Francis J. Foley, Presiding Judge Child Protection Session